UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAVIS L. RODGERS,

                    Petitioner,

v.                                    Case No. 3:06-cv-231-J-32JRK

WALTER A. MCNEIL, et al.,

                    Respondents.

_____

## ORDER[1]

### I. Status

    Petitioner is an inmate of the Florida penal system who initiated this action by filing a *pro se* Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his November 9, 2000, state court conviction for armed robbery, possession of a firearm in the commission of a felony and possession of marijuana on four grounds.  Specifically, he alleges that his trial counsel was ineffective for failing to: (1) object to the trial court's use of improper and prejudicial jury instructions; (2) object to prosecutorial misconduct; (3) file a motion to challenge the trial court's erroneous ruling regarding a violation of Petitioner's right to a speedy trial; and (4) move for appointment of an expert witness to support Petitioner's theory of defense and to rebut the state's expert witness.

_____

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

Respondents filed a Response to Petition (Doc. #14), in which they requested this Court to dismiss the Petition as untimely filed. They also filed an Appendix (Doc. #15 and Doc. #16).[2] Petitioner replied. <u>See</u> Reply to Respondent[s'] Response (Doc. #18). On November 4, 2008, the Court entered an order requiring Respondents to file a supplemental response and giving Petitioner thirty days thereafter to file a reply to the supplemental response. <u>See</u> the Court's Order (Doc. #26), filed November 4, 2008. On December 4, 2008, Respondents filed an Amended Supplemental Response to Petition (Doc. #28) (hereinafter Response), in which they conceded that the Petition was timely filed and addressed Petitioner's four grounds for relief. Petitioner's Timely Reply to Respondents' Amended Supplemental Response (Doc. #31) (hereinafter Reply) was filed on February 4, 2009. Thus, this case is ripe for review.

## II. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 127 S.Ct. 1933, 1940 (2007) (citation omitted). "It follows that if the record refutes the applicant's

---

[2] The Court hereinafter refers to the exhibits in the Appendix as "Ex."

factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, an evidentiary hearing will not be conducted by this Court.

### III.  Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288,

1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review of state court adjudications:

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[3] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303. The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)." Schriro, 127 S.Ct. at 1939-40 (footnote omitted).

---

[3] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 127 S.Ct. at 1939 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claim was adjudicated on the merits in the state courts, it must be evaluated under the new § 2254(d).

## IV. Procedural History

On November 9, 2000, after a trial by jury, Petitioner was found guilty of armed robbery with a firearm, possession of a firearm in the commission of a felony, and possession of cannabis. Ex. B at 722-23. Petitioner was sentenced to life imprisonment. Ex. A at 218-24.

On direct appeal, Petitioner raised the following issues: (1) the trial court erred when it violated Petitioner's right to a speedy trial by granting the state an extension of the speedy trial

time period with no showing of exceptional circumstances and after the speedy trial period had run; (2) the trial court erred by admitting into evidence items without a proper foundation showing that they were what they purported to be; and (3) the trial court abused its discretion when it pronounced sentence in this case because, while not unlawful or illegal, the sentence is so severe under the circumstances (the age of the Petitioner, his role in the crime and his prior record) that it amounts to cruel and unusual punishment. Ex. D. On February 5, 2002, the Fifth District Court of Appeal per curiam affirmed the judgment of conviction, without issuing a written opinion. Ex. F. The mandate issued on February 22, 2002. Ex. G.

On November 19, 2002, Petitioner filed a motion to correct an illegal sentence. Ex. H. The trial court denied the motion, and Petitioner appealed. Ex. I. On December 2, 2003, the Fifth District Court of Appeal per curiam affirmed the trial court's order. Ex. J. The mandate issued on December 17, 2003. Ex. K.

On February 3, 2004, Petitioner filed a motion for post-conviction relief[4] in the circuit court. Ex. L. The trial court denied the motion, and Petitioner appealed. Ex. M. On July 19, 2005, the Fifth District Court of Appeal per curiam affirmed the

---

[4] The four ineffectiveness claims presented in the Petition before this Court were raised in state court in this motion for post-conviction relief.

trial court's order. Ex. N. The mandate issued on August 5, 2005.
Ex. O; Response at 3.

On February 11, 2004, Petitioner filed a second motion to
correct an illegal sentence. Ex. P. The trial court denied the
motion, and Petitioner appealed. Ex. Q; Ex. R. On November 9,
2004, the Fifth District Court of Appeal per curiam affirmed the
trial court's order. Ex. R. The mandate issued on November 9,
2004. Ex. S.

## V. Findings of Fact and Conclusions of Law

As noted previously, Petitioner raises four claims of
ineffective assistance of counsel. The standard of review to be
applied is that found in AEDPA. The Supreme Court of the United
States has explained:

> Under 28 U.S.C. § 2254, [Petitioner's]
> entitlement to federal habeas relief turns on
> showing that the state court's resolution of
> his claim of ineffective assistance of counsel
> under Strickland v. Washington, supra,
> "resulted in a decision that was contrary to,
> or involved an unreasonable application of,
> clearly established Federal law, as determined
> by the Supreme Court of the United States," §
> 2254(d)(1). An "unreasonable application"
> occurs when a state court "'identifies the
> correct governing legal principle from this
> Court's decisions but unreasonably applies
> that principle to the facts' of petitioner's
> case." Wiggins v. Smith, supra, at 520, 123
> S.Ct. 2527 (quoting Williams v. Taylor, 529
> U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389
> (2000) (opinion of O'CONNOR, J.)). That is,
> "the state court's decision must have been
> [not only] incorrect or erroneous [but]
> objectively unreasonable." Wiggins v. Smith,
> supra, at 520-521, 123 S.Ct. 2527 (quoting

> Williams v. Taylor, supra, at 409, 120 S.Ct.
> 1495 (internal quotation marks omitted)).

> Ineffective assistance under Strickland
> is deficient performance by counsel resulting
> in prejudice, 466 U.S., at 687, 104 S.Ct.
> 2052, with performance being measured against
> an "objective standard of reasonableness,"
> id., at 688, 104 S.Ct. 2052, "under prevailing
> professional norms." Ibid.; Wiggins v. Smith,
> supra, at 521, 123 S.Ct. 2527.

Rompilla v. Beard, 545 U.S. 374, 380 (2005).

The United States Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

The Eleventh Circuit has expounded upon the deference due to counsel's performance as well as to the state court's decision concerning that performance:

> In assessing [Petitioner's] claim that
> his trial counsel were ineffective we must
> keep in mind that "[j]udicial scrutiny of
> counsel's performance must be highly
> deferential." Id. at 689, 104 S.Ct. at 2065.
> In addition to the deference to counsel's
> performance mandated by Strickland, the AEDPA
> adds another layer of deference--this one to a
> state court's decision--when we are
> considering whether to grant federal habeas
> relief from a state court's decision.
> Woodford, 537 U.S. at 24, 123 S.Ct. at 360
> (section 2254(d)(1) imposes a "highly
> deferential standard for evaluating
> state-court rulings") (internal marks and
> citation omitted). [Petitioner] must do more

> than satisfy the _Strickland_ standard. He must
> also show that in rejecting his ineffective
> assistance of counsel claim the state court
> "applied _Strickland_ to the facts of his case
> in an objectively unreasonable manner." _Bell_
> _v. Cone_, 535 U.S. 685, 699, 122 S.Ct. 1843,
> 1852, 152 L.Ed.2d 914 (2002).

_Rutherford v. Crosby_, 385 F.3d 1300, 1309 (11th Cir. 2004), _cert_.

_denied_, 544 U.S. 982 (2005).

The Eleventh Circuit explained the substantial burden of

proving an unreasonable performance by counsel:

> The petitioner's burden to prove, by a
> preponderance of the evidence, that counsel's
> performance was unreasonable is a heavy one.
> _See_ _Chandler v. United States_, 218 F.3d 1305,
> 1313 (11th Cir. 2000) (en banc). In order to
> establish deficient performance, the
> petitioner must show that, in light of all the
> circumstances, counsel's performance was
> outside the wide range of professional
> competence. _See_ _Strickland v. Washington_, 466
> U.S. 668, 690, 104 S.Ct. 2052, 2066, 80
> L.Ed.2d 674 (1984). The court's review of
> counsel's performance should focus on "not
> what is possible or what is prudent or
> appropriate, but only [on] what is
> constitutionally compelled." _Chandler_, 218
> F.3d at 1313 (quoting _Burger v. Kemp_, 483 U.S.
> 776, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638
> (1987)). The court's review of counsel's
> performance must be highly deferential, and
> the court must avoid second-guessing counsel's
> performance. _See_ _Strickland_, 466 U.S. at 689,
> 104 S.Ct. at 2065. For a petitioner to show
> deficient performance, he "must establish that
> no competent counsel would have taken the
> action that his counsel did take." _Id_.

_Osborne v. Terry_, 466 F.3d 1298, 1305-06 (11th Cir. 2006), _cert_.

_denied_, 128 S.Ct. 84 (2007).

## **A. Ground One**

In ground one, Petitioner contends counsel was ineffective for failing to object to the trial court's use of improper and prejudicial jury instructions. Specifically, Petitioner argues that counsel should have objected when the trial court instructed the jury as follows:

> IF YOU FIND THE DEFENDANT CARRIED A WEAPON THAT WAS NOT USED -- THAT WAS NOT A FIREARM IN THE COURSE OF COMMITTING THE ROBBERY, YOU [SHOULD] FIND HIM GUILTY [OF ROBBERY WITH A WEAPON.]

Petitioner's Memorandum of Law (Doc. #2), filed March 8, 2006, at 2. Petitioner alleges that "[t]his instruction was given in error because the trial court gave the jury the impression that armed robbery could be committed with a weapon other than a firearm." Id. "It further estopped the jury from exercising its pardoning power." Id.

Petitioner raised this ineffective assistance of counsel claim in state court in his motion for post-conviction relief. The trial court adjudicated the claim as follows:

> In the instant Motion, Defendant raises four claims of ineffective assistance of counsel. In order to show ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Strickland standard provides the following:
>
> > First, the defendant must show that counsel's performance was deficient. This requires showing that counsel

- 10 -

was not functioning as the "Counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687. To satisfy the prejudice requirement under the second prong, a defendant must show there is a reasonable probability that the result of the proceeding would have differed, absent counsel's unprofessional errors. Id. at 694.

In his first claim, Defendant argues that Counsel was ineffective for failing to object to the Court's jury instructions regarding lesser included offenses to Armed Robbery. Defendant alleges that the jury instructions were misleading and erroneous. However, the record refutes these claims. (Excerpts of Trial Transcript, attached hereto as Exhibit A at 692-96).[5] Counsel will not be deemed ineffective for failing to pursue a meritless argument. See Shannon v. State, 754 So.2d 172 (Fla. 5th DCA 2000). Further, Defendant does not show there is a reasonable probability that the outcome of the trial would have changed absent the alleged deficient performance.[6] See Strickland at 694.

Ex. M at 1-2.

---

[5] See Ex. B at 692-96.

[6] This Court agrees that Petitioner was not prejudiced by counsel's failure to object to this alleged error in instructing the jury since there was an abundance of evidence showing that the robbers carried firearms during the robbery. Additionally, Petitioner concedes that he has not shown the requisite prejudice. See Reply at 5-6. Thus, he is not entitled to relief on the basis of this claim.

This claim was rejected on the merits by the trial court, and upon Petitioner's appeal, the Fifth District Court of Appeal per curiam affirmed the trial court's order. <u>See</u> Ex. N. Thus, there are qualifying state court decisions from both the state trial and appellate courts. The Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness <u>per</u> <u>se</u>, of the state court decision that we are to decide." <u>Brown v. Head</u>, 272 F.3d 1308, 1313 (11th Cir. 2001), <u>cert</u>. <u>denied</u>, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to relief on the basis of this claim.

### **B. Ground Two**

In ground two, Petitioner contends that trial counsel was ineffective for failing to object to prosecutorial misconduct. Petitioner raised this ineffective assistance of counsel claim in state court in his motion for post-conviction relief. The trial court adjudicated the claim as follows:

In his second ineffective assistance of counsel claim, Defendant argues that the State's closing arguments improperly shifted the burden of proof to Defendant and that Counsel was ineffective for failing to object to such comments. Defendant claims that the State repeatedly stated that Defendant had to prove his alibi beyond a reasonable doubt. At trial, Defendant argued that another person, his friend Chuki, committed the bank robbery with the other perpetrators. (Exhibit A at 627-630, 634, 677-678, 680-681, 683, 689). Defendant claimed that he met with the alleged perpetrators after the robbery had taken place and that a female had driven him to that meeting place. (Exhibit A at 594, 634).

In closing, the State referred to the inconsistencies between Defendant's version of events and the events as described by several other witnesses. (Exhibit A at 670-72). The State referred to Defendant's failure to offer witnesses to corroborate his alibi, including Chuki. (Exhibit A at 670-672). As Defendant chose to testify at trial, the State also indicated that Defendant's testimony should be scrutinized in same manner as any other witness. (Exhibit A at 671).

Defendant has not shown that the prosecutor's remarks were improper. In closing arguments, the Defense raised a question as to why the other participants of the robbery were not at trial with Defendant and also questioned [the] whereabouts of Chuki. (Exhibit A at 634). Defendant asserted an alibi defense and, under the circumstances, it was permissible for the State to comment on Defendant's failure to offer his corroborating witnesses. See Rivera v. State, 840 So.2d 284 (Fla. 5th DCA 2003); Morgan v. State, 700 So.2d 29 (Fla. 2d DCA 1997); Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983). Additionally, the record shows the State did not indicate that Defendant had the burden of proving his alibi beyond a reasonable doubt. (Exhibit A at 670-74).

Even if Counsel's performance had been deficient in failing to object to the State's comments, Defendant cannot show prejudice. <u>See</u> <u>Strickland</u> at 694. Considering the other evidence offered at trial establishing Defendant's guilt, Defendant fails to show that absent the alleged deficient performance there is a reasonable probability the outcome of the trial would have differed. <u>Id</u>.

For example, the witnesses to the robbery testified that three males committed the robbery. (Exhibit A at 58, 87). Witnesses also testified that Defendant, along with two other males, exited the vehicle used to escape the scene of the robbery after that vehicle crashed. (Exhibit A at 120, 127, 129, 223-225, 239-240, 245-248, 264, 266-267, 291, 306, 379). The crash occurred during a failed attempt to elude police. (Exhibit A at 158-162).

Witness testimony also showed that Defendant was armed and attempted to hide from police after the crash. (Exhibit A at 212-214, 229, 239-243, 245-248, 264, 267-269, 293, 296, 298, 311, 334, 379). Moreover, Defendant's testimony at trial contradicted the testimony of several witnesses regarding Defendant's appearance, Defendant's actions after the crash, and whether Defendant was armed. (Exhibit A at 592-599, 602, 604).

The evidence also indicated that the other two males in the crashed vehicle had perpetrated the robbery, and money stolen from the bank was found near the area of the crash. (Exhibit A at 338, 497, 498, 504, 654). Further, the blood of one of the robbery victims was on the firearm seen in Defendant's possession. (Exhibit A at 464, 555, 568-569, 672).

In addition, upon apprehending Defendant after the crash, police determined that Defendant possessed marijuana, and the Defense acknowledged Defendant's guilt on that issue. (Exhibit A at 209, 596, 690).

In his Motion, Defendant also claims that the State's closing statements indicated that Defendant's DNA was found on the firearm with the victim's blood. This claim is refuted by the record. The prosecution referred to blood on the butt of a firearm seen in Defendant's possession, but indicated that the blood on the firearm belonged to one of the victims of the bank robbery. (Exhibit A at 667, 672).

Defendant also claims that Counsel should have moved to recuse the State Attorney for Vindictive Prosecution because the State charged Defendant with the same offense twice. Defendant argues that he was found not guilty of Possession of a Firearm by a Convicted Felon, and therefore could not be tried on the Armed Robbery charge.

However, according to the transcript, the Possession of a Firearm by a Convicted Felon charge involved a different time and place from the Armed Robbery offense. (Exhibit A at 6-8). Moreover, Defendant fails to allege a reasonable basis to conclude that the outcome of the proceedings might have changed with a different State Attorney. <u>See Strickland</u> at 694.

Ex. M at 2-4.

This claim was rejected on the merits by the trial court, and upon Petitioner's appeal, the Fifth District Court of Appeal per curiam affirmed the trial court's order. Thus, there are qualifying state court decisions from both the state trial and appellate courts.

Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and

were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to relief on the basis of this claim.

Additionally, this Court finds this claim to be without merit. With respect to Petitioner's claims regarding the prosecutor's closing argument, the reversal of a conviction is warranted only when improper comments by the prosecutor have "'so infected the trial with unfairness as to make the resulting conviction [or sentence] a denial of due process.' Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974))." Parker v. Head, 244 F.3d 831, 838 (11th Cir. 2001).

This Court has reviewed the comments identified by Petitioner. See Petitioner's Memorandum of Law (Doc. #2) at 7-9. Upon a thorough review of the record, this Court is convinced that the comments did not result in a due process violation. This portion of Petitioner's claim is clearly without merit.

With respect to Petitioner's vindictive prosecution claim, the record reflects that on May 5, 2000, Petitioner was initially charged by information with armed robbery with a firearm (count I), aggravated battery with a firearm (count II), attempted first degree murder (count III), possession of a firearm while engaged in a criminal offense (count IV) and possession of a firearm by a

convicted felon (count V). Ex. A at 1-12. On October 10, 2000, an amended information was filed, charging Petitioner with armed robbery (count I), aggravated battery with a firearm (count II), possession of a firearm while engaged in a criminal offense (count III), possession of a firearm by a convicted felon (count IV), aggravated assault with a firearm (count V), grand theft auto (count VI) and possession of marijuana (count VII).

Thereafter, the possession of a firearm by a convicted felon charge was severed from the other counts and, after a trial by jury, Petitioner was found not guilty of that offense on October 11, 2000. Id. at 71, 87. On the same day, a second amended information was filed, charging Petitioner with armed robbery (count I), aggravated battery with a firearm (count II), possession of a firearm while engaged in a criminal offense (count III), aggravated assault with a firearm (count IV) and possession of marijuana (count V). Id. at 89-91.

On November 6, 2000, defense counsel filed a motion to dismiss the aggravated assault with a firearm charge (count IV of the second amended information) on the basis that it would subject Petitioner to double jeopardy since he had been found not guilty of the possession of a firearm by a convicted felon charge on October 11, 2000. Id. at 104. As authority in support of the motion, counsel cited Cuthbertson v. State, 657 So.2d 20 (Fla. 4th DCA 1995) (finding that a defendant's earlier acquittal of a possession

of a firearm by a convicted felon charge barred, as a double jeopardy violation, his later conviction of a robbery with that same firearm).

The trial court heard argument on the motion, at which defense counsel argued that both the possession of a firearm by a convicted felon charge and the aggravated assault with a firearm charge pertained to Petitioner's alleged possession of a firearm at the Mount Dora Center after the robbers had left the bank and crashed the getaway car. Petitioner stipulated that he was a convicted felon at the trial on the possession of a firearm by a convicted felon charge. Thus, defense counsel argued that when the jury found Petitioner not guilty of that charge, they must have found that he did not possess a firearm at that time. Accordingly, counsel argued that Petitioner could not have used a weapon he did not possess to assault Mr. Granger (the alleged victim in the aggravated assault with a firearm charge). After hearing this argument, <u>see</u> Ex. B at 4-11, the trial court granted the motion. <u>Id</u>. at 12.

Petitioner argues that counsel was ineffective for failing to argue that prosecution of the armed robbery charge (count I) was vindictive because it too was barred as a double jeopardy violation. However, as the trial court noted, the "Possession of a Firearm by a Convicted Felon charge involved a different time and place from the Armed Robbery offense." Ex. M at 4. Different

witnesses were called to prove the armed robbery of the bank than the witnesses who were called to attempt to prove Petitioner's possession of a firearm at the Mount Dora Center. Thus, prosecution of the armed robbery was not barred by the Double Jeopardy Clause, and counsel was not ineffective for failing to argue a vindictive prosecution on this basis. Clearly, Petitioner is not entitled to relief on this claim.

## C. Ground Three

In ground three, Petitioner contends that trial counsel was ineffective for failing to file a motion to challenge the trial court's erroneous ruling regarding a violation of Petitioner's right to a speedy trial. Petitioner raised this ineffective assistance of counsel claim in state court in his motion for post-conviction relief. The trial court adjudicated the claim as follows:

> The third ground of Defendant's Motion alleges that Counsel was ineffective in failing to challenge the Court's Order granting the State an extension of time after Counsel filed a Notice of Expiration of Speedy Trial and a Motion for Discharge. However, whether the trial court's ruling was erroneous could or should have been raised on appeal, and may not be raised in this Motion, even though this issue is presented in terms of ineffective assistance of counsel. See Koon v. Dugger, 619 So.2d 246 (Fla. 1993).
>
> Defendant's argument is also without merit as the State moved to extend the time period within the proper time frame. See Brown v. State, 715 So.2d 241 (Fla. 1998). (Motion to Extend Time Period, attached hereto

> as Exhibit B; Order to Extend Time Period,
> attached hereto as Exhibit C; Notice of
> Expiration of Speedy Trial Period, attached
> hereto as Exhibit D).[7]

Ex. M at 4-5.

This ineffectiveness claim[8] was rejected on the merits by the
trial court, and upon Petitioner's appeal, the Fifth District Court
of Appeal per curiam affirmed the trial court's order. Thus, there
are qualifying state court decisions from both the state trial and
appellate courts.

Upon a thorough review of the record and the applicable law,
it is clear that the state courts' adjudications of this claim were
not contrary to clearly established federal law, did not involve an
unreasonable application of clearly established federal law, and
were not based on an unreasonable determination of the facts in
light of the evidence presented in the state court proceedings.
Accordingly, Petitioner is not entitled to relief on the basis of
this claim.

---

[7] The exhibits appended to the trial court's order denying
Petitioner's motion for post-conviction relief have not been
provided as part of Ex. M. However, a copy of the Motion to Extend
Time Period has been provided to this Court as Ex. A at 56-58. A
copy of the Order to Extend Time Period has been provided to this
Court as Ex. A at 68-70. A copy of the Notice of Expiration of
Speedy Trial Period has been provided to this Court as Ex. A at 62.

[8] Respondents contend that this claim presents an issue of
state law that is not cognizable on federal habeas review. See
Response at 3-5. This Court disagrees. This ineffective
assistance of counsel claim presents an issue that is cognizable in
this action.

## D. Ground Four

In ground four, Petitioner contends that trial counsel was ineffective for failing to move for appointment of an expert witness to support Petitioner's theory of defense and to rebut the state's expert witness. See Petitioner's Memorandum of Law (Doc. #2) at 17-19. Petitioner raised this ineffective assistance of counsel claim in state court in his motion for post-conviction relief. The trial court adjudicated the claim as follows:

> The fourth ground of Defendant's Motion alleges that [C]ounsel was ineffective in failing to move for a defense forensic expert. However, even if Counsel's performance was deficient in failing to request such an expert, Defendant fails to allege a reasonable theory as to how the outcome of the proceedings might have differed with the addition of such an expert. See Strickland at 694.

Ex. M at 5.[9]

This claim was rejected on the merits by the trial court, and upon Petitioner's appeal, the Fifth District Court of Appeal per curiam affirmed the trial court's order, without issuing a written opinion. Thus, there are qualifying state court decisions from both the state trial and appellate courts.

---

[9] Respondents contend that this claim is procedurally barred. See Response at 2-3. This Court disagrees. Petitioner raised this claim in his motion for post-conviction relief, the trial court adjudicated it on the merits, and Petitioner appealed the trial court's decision. Thus, this claim has been exhausted.

Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to relief on the basis of this claim.

Any claims not specifically addressed are found to be without merit. Thus, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of February, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

ps 2/9
c:
Travis L. Rodgers
Counsel of Record